# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Chad Duncan, | Case No. 0:22-3174-RMG |
| Plaintiff, | |
| v. | |
| Cherokee County Detention Center, Officer Cobb, | **ORDER AND OPINION** |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge, recommending that that Defendants motion to dismiss be granted in part and denied in part. (Dkt. No. 42). Defendant Cobb filed an objection to the R & R. (Dkt. No. 49). Plaintiff also filed a response to the R & R. (Dkt. No. 50). For the reasons set forth below, the Court adopts the R & R as the Order of the Court.

## I.  Background

Plaintiff, an inmate proceeding *pro se*, brings this case under 42 U.S.C. § 1983 for deliberate indifference to a risk of violence in violation of the Fourteenth Amendment. (Dkt. No. 12). Plaintiff alleges that Defendant Officer Cobb asked Duncan about Duncan's sexual orientation in front of other inmates which resulted in Plaintiff receiving sex-based taunts and harassment from other inmates. (Dkt. No. 1 at 5). Plaintiff also alleges that he is now at risk of sexual assault. (*Id.*).

Defendants moved to dismiss the complaint arguing that Defendants are not amenable to suit under § 1983 in their official capacities and Plaintiff did not raise any individual capacity claims. (Dkt. No. 21 at 2-5). The Magistrate Judge recommended granting Defendants' motion as to Cherokee County Sheriff and Officer Cobb in his official capacity but recommended denying

1

the motion as to Defendant Cobb in his individual capacity. (Dkt. No. 42). Defendant Cobb filed an objection to the R & R. (Dkt. No. 49). Plaintiff also filed a response to the R & R. (Dkt. No. 50). The matter is now ripe for the Court's review.

## II.  Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).

This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## III.  Discussion

After a reviewing the R & R, objections, and controlling law, the Court finds that the Magistrate Judge correctly concluded that Plaintiff's claims should be dismissed as to Cherokee County Sheriff and as to Defendant Cobb in his official capacity. The Court overrules Plaintiff's objection that he was not aware that sheriffs and deputies are agents of the State of South Carolina and cannot be sued in their official capacity.

The Court also finds that the Magistrate Judge correctly concluded that Plaintiff properly pled a claim against Defendant Cobb in his individual capacity. Plaintiff only checked the box for official capacity and did not check the box for individual capacity next to Defendant Cobb on his form complaint. (Dkt. No. 1 at 2-3). While noting that, the Magistrate Judge correctly concluded that Plaintiff was not required to expressly plead capacity and that Plaintiff's factual allegations provided that Defendant Cobb acted personally to deprive Plaintiff of his rights.

The Court overrules Defendant Cobb's objection that the Plaintiff's designation of suing Defendant Cobb in his official capacity should control. Defendant Cobb correctly notes that the Fourth Circuit cases relied on by the Magistrate Judge addressed complaints that were silent about the capacity in which the plaintiff had sued a state actor. But Defendant Cobb overlooks the reasoning and factors outlined in those Fourth Circuit cases.

In *Biggs v. Meadows*, the Fourth Circuit expressly rejected the Eight Circuits' mechanical approach to determining the capacity (official versus individual) in which a plaintiff has sued a state actor in favor of a more flexible approach that looks to the nature of the plaintiff's claim or claims, the relief sought, and the course of the proceedings. 66 F.3d 56, 59-60 (4th Cir. 1995). In *Foreman v. Griffith*, the Fourth Circuit discussed the significance of the factors outline in *Biggs*:

> With respect to assessing the nature of a plaintiff's claim or claims, the *Biggs* court stated that the plaintiff's failure to allege that the defendant acted in accordance with a governmental policy or custom or the lack of indicia of such a policy or custom on the face of the complaint indicates that a state actor has been sued in his individual capacity. With respect to the nature of the relief sought, the *Biggs* court also stated that the plaintiff's request for compensatory or punitive damages indicates an individual capacity suit since such relief is unavailable in official capacity suits. Finally, with respect to the course of proceedings, the *Biggs* court stated that the defendant's assertion of qualified immunity as a defense indicates an individual capacity suit, since such a defense is only available in individual capacity suits.

3

81 F.App'x 432, 435 (4th Cir. 2003). Ultimately, "the underlying inquiry remains whether the plaintiff's intention to hold a defendant personally liable can be ascertained fairly." *Biggs*, 66 F.3d at 61.

Here, Plaintiff alleges that he was asked about his sexual orientation in an explicit manner, leading to sexual harassment by other inmates. (Dkt. No. 1 at 5). After making that allegation, Plaintiff clearly states that "the person responsible is Detention Officer Cobb," stating that "he did this in front of multiple inmates . . . ." (*Id.*) Plaintiff did not allege that Defendant Cobb acted in accordance with a governmental policy or custom, and there is no reference to any governmental policy in the allegations against Defendant Cobb. Additionally, Plaintiff notes in his response to the R & R that he desires to refile his complaint to plead against Defendant Cobb in his individual capacity. (Dkt. No. 50). Accordingly, the Magistrate Judge correctly concluded that Plaintiff intended to hold defendant personally liable. The Court further agrees with this conclusion in light of Plaintiff's *pro se* status, which requires a liberal construction of the pleadings.

The Court also overrules Defendant Cobb's objection that Plaintiff conceded that Defendant Cobb was only sued in his official capacity because Plaintiff did not respond to that argument in his response to Defendants motion to dismiss.

IV.   **Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 42) as the Order of the Court. Defendants Motion to Dismiss (Dkt. No. 21) is **GRANTED** as to Plaintiff's official capacity claims and **DENIED** as to his individual capacity claim against Defendant Cobb.

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

June 26, 2023  
Charleston, South Carolina